IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRIS DESHAWN CARPENTER MUHAMMAD, AIS #204950, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1076-WKW ) [WO] ) |
| BOB RILEY, et al., | ) ) |
| Defendants | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Chris Deshawn Carpenter Muhammad ["Muhammad"], a state inmate, presents a myriad of claims against numerous defendants with respect to the conditions of confinement at Easterling Correctional Facility. On December 12, 2006, Muhammad filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Muhammad must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat

of irreparable injury without the injunction; (3) that the harm to Muhammad outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Muhammad complains of overcrowding, a lack of security and hazardous living conditions "that [are] causing plaintiff irreparable harm . . ." *Motion for Preliminary Injunction* at 1. In his motion for preliminary injunction, Muhammad seeks an injunction which requires the defendants to (i) relieve overcrowding, (ii) place bunks at least ten (10) feet apart, (iii) repair of the prison water system, (iv) follow applicable guidelines and

regulations, (v) refrain from defrauding Alabama taxpayers and the federal government with respect to operation of the drug treatment programs, (vi) allow inmates yard time regardless of their custody status, (vii) employ a Muslim chaplain, and (viii) cease the flow of county inmates into the state prison system. *Id*. at 2.

Other than his self-serving, conclusory allegations of constitutional violations, Muhammad presents nothing which supports his claims for relief and therefore fails to establish a substantial likelihood of success on the merits. Muhammad likewise fails to demonstrate that he will suffer the requisite irreparable harm absent issuance of a preliminary injunction. Moreover, the pleadings before the court are devoid of any evidence which shows that upon balancing the equities of the parties issuance of an injunction would be in the public interest. Thus, Muhammad has failed to meet his burden of establishing each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on December 12, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before December 27, 2006 the parties may file objections to the Recommendation.   Any   objection   must   specifically   identify   the   findings   in   the

Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 13th day of December, 2006.

                                           /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE