IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRIS DESHAWN CARPENTER MUHAMMAD
    Plaintiff/Appellant

V.

BOB RILEY, et al. AND
CHARLES S. COODY, CHIEF UNITED STATES
MAGISTRATE JUDGE
    Defendants/Appelles

CIVIL Action no. 2:06-CV-1076-WKW [WO]

## WRIT OF MANDAMUS

Comes now Plaintiff/Appellant CHRIS DESHAWN CARPENTER MUHAMAD, by and through PRO/SE in the above style Civil Action hereby move this district Court on Writ of Mandamus to be directed to Chief United States Magistrate Judge Charles S. Coody for abusing his discretion and acting without Jurisdiction to deny Plaintiff entitled Injunction and Iterrogatories upon defendants herein for Undisputed violation of Plaintiff/Appellant's 8th and 14th Amendment rights to be free from imminent danger overcrowding, lack of Security, Health Hazard Condition, Force to drink poison water that defendants want drink, rat infested poor ventilated dorms, poor Untrain Classification personell, punitively held at Easterling Maximum Security prison under deguise of a level IV facility and deprived an opportunity to advance a deliberate indifference by the defendants bringing County Jail State Inmates into a trippled overcrowded

(1)

Alabama Department of Corrections Specifically Easterling Corr. Fac.

## ISSUE FOR REVIEW

WHETHER the Chief United States Magistrate Judge CHARLES S. COODY Abused his discretion by Denying Plaintiff entitled Attorney fees, Injunction and Interrogatories without Jurisdiction to do so by no Magistrate consent form sign by Parties to give the Magistrate Jurisdiction as required by rule 73(A) FEDERAL RULES CIVIL PROCEDURE AND U.S.C. SS636(C)?

Plaintiff argue that imminent danger does exist and the Magistrate was infact without Jurisdiction to deny Plaintiff entitled Attorney fees, Preliminary Injunction, and Interrogatories pursuant to rules 33, 34, 35, 36 and 37 Fed. R. Civ. Proc, and the Magistrate was without jurisdiction to exercise authority without parties consent as required by rule 73(A) Federal Rule Civil Procedure and 28 U.S.C.S. § 636(C) See McCabe, the Federal Magistrate act of 1979, 16 Harv. J. Legis 364-79 (1979) 28 U.S.C.S.§ 636(C)(1) not withstanding any provision of law to the contrary Upon Consent of the parties a Magistrate may exercise Jurisdiction. The Plaintiff Appellant Contend point out to the district Court that the Plaintiff never was given opportunity to sign a Magistrate Consent form to give the Magistrate an opportunity to exercise authority over Plaintiff Civil action to recommend or deny Plaintiff motion

(2)

for Attorney fees, Preliminary Injunction and Interrogatorie[s]

## CONCLUSION

WHEREFORE, in light of the above it is clear that the Magistrate has in fact exercised Authority without Jurisdiction, and when it is Undisputed imminent danger situations required extrodinary remedies directed to the Article III Judge of the district Court for nothing less than a de novo review. The Magistrate recommendation and orders of denial issued on December 13th 2006 is due to be stricken from the record and not adopted. In the alternatum of a denial of this Mandamus Plaintiff motion to stay and Interlocutory Appeal to the Eleventh Circuit Court of Appeal[s] in forma pauperis for good cause and in good faith because the defendants here in acts in concert with a practice to violate the 8th and 14th Amendment of the United States Constitut[ion] to assertain funds over human life liberties. See <u>Alabama v. Pugh</u>, 328 U.S 781, 57 LEd ad 1114, 98 Sct 3057 and <u>Newman v. Alabama</u>.

Respectfully Submitted
Chris Deshawn Copertias Muhammad

(3)

## CERTIFICATE OF SERVICE

I hereby certify this 26 Day of December 2006 that I have served a true and correct copy of the same upon defendants Attorney and the Cheif Magistrate by U.S. mail postage pre paid

*Chris Deshawn Carpenter Muhammad*
#204850
Chris Deshawn Carpenter Muhammad
200 Wallace Dr
Clio, Al 36017

(4)